**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ALICE BERGER** | : |
| 480 Evergreen Road | :    No. _____ |
| Mount Bethel, Pennsylvania 18343 | : |
|         *Plaintiff* | : |
| | : |
|     v. | : |
| | : |
| **COMMONWEALTH OF PENNSYLVANIA,** | :    Jury Trial Demanded |
| **DEPARTMENT OF TRANSPORTATION** | : |
| 3300 Freemansburg Avenue | : |
| Easton, Pennsylvania 18042 | : |
|         *Defendant* | : |

**COMPLAINT**

**I.    INTRODUCTION**

1.    This action for equitable, monetary, and other relief is brought by Plaintiff, Alice Berger, to redress intentional violations by Defendant, Commonwealth of Pennsylvania, Department of Transportation, of rights secured by the laws of the United States and the statutory and common law of the Commonwealth of Pennsylvania.

**II.    JURISDICTION**

2.    This action is brought pursuant to § 504 of the Rehabilitation Act of 1973, 29 U.S.C.A. § 794, and Title VII of Civil Rights Act of 1964, as amended 1991, 42 U.S.C. § 2000e, *et seq.*

3.    Plaintiff, Alice Burger, has exhausted federal administrative remedies. Plaintiff filed her charge with the Equal Employment Opportunity Commission ("EEOC") Charge No.

530-2015-00347, on or around September 11, 2014. On September 27, 2016, the EEOC unilaterally issued a Right-to-Sue letter.

4.    Plaintiff has exhausted available administrative remedies. This suit is timely filed.

## III.    VENUE

5.    All actions complained of herein took place within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania as the place in which the claims arose and the place where Defendant conducts business.

6.    Venue is accordingly invoked pursuant to the dictates of 28 U.S.C. §1391(b), (c) and (d) and 42 U.S.C. § 2000e-5(f)(3).

## IV.    PARTIES

7.    Plaintiff, Alice Berger (hereinafter "Plaintiff" or "Ms. Berger") is an adult female who currently resides at 480 Evergreen Road, Mount Bethel, Pennsylvania 18343.

8.    Defendant, Commonwealth of Pennsylvania, Department of Transportation (hereinafter "Defendant" or "PennDOT") is a governmental agency, with a principal place of business for its District 5 office at 1002 Hamilton Street, Allentown, Pennsylvania 18101 and a local Northampton County Office for Ms. Berger's place of employment at 3300 Freemansburg Avenue, Easton, Pennsylvania 18041.

9.    PennDOT is a recipient of federal funding and is therefore a "program or activity receiving Federal financial assistance" as defined by the Rehabilitation Act of 1973, 29 U.S.C.A. § 794.

## V.    FACTUAL BACKGROUND

10.    For over 25 years, Ms. Berger has worked for PennDOT as an equipment operator/laborer.

11.    Ms. Berger is one of only three female operator/laborers in her male-dominated work unit, consisting of roughly 50-60 male coworkers.

12.    Since 2011, Ms. Berger's overall performance has been above average. Specifically, her performance has been deemed "commendable."

13.    In performance reviews spanning 25+ years, Ms. Berger's overall performance has always been rated commendable or satisfactory.

**A.    Ms. Berger Complains of Harassment by Mr. Farleigh and He Retaliates.**

14.    On or about April 3, 2014, Ms. Berger filed a complaint via the PennDOT "Tip Line" against her department foreman, Fred Farleigh ("Mr. Farleigh"), for harassment in the workplace based on sex, age and hostile work environment. The complaint alleged that Mr. Farleigh used profanity, was verbally abusive, and suggested that Ms. Berger should retire.

15.    On April 17, 2014, Sherri Norris, Director of Human Resources, acknowledged receipt of Ms. Berger's complaint, and stated that the concerns would be thoroughly investigated.

16.    On June 25, 2014, the investigation of Ms. Berger's complaint against Mr. Farleigh was completed, although Ms. Berger was not told that the investigation was complete.

17.    Also on June 25, 2014, Mr. Farleigh reported Ms. Berger to upper management, questioning her whereabouts during the workday, accusing her of stealing dirt from a worksite, and accusing her of using PennDOT equipment without authorization.

18.    On information and belief, Mr. Farleigh's report of Ms. Berger to upper management was motivated by an intention to retaliate against her for filing a complaint against him.

19.    On July 1, 2014, Ms. Berger received an above average performance review, with "commendable" ratings in all available categories. The July 1, 2014 performance review

contained ratings and comments by David Heisler and Shawn Campanaro. It contained

comments such as "Good worker," "Good job skills," and "Alice does well in all aspects of

work." Mr. Farleigh did not contribute to the positive performance review.

**B.      Ms. Berger Receives Pre-Disciplinary Counseling Based on Mr. Farleigh's Report; Charges Relate to Her Disability and Lack of Bathroom Facilities**

20.      On July 7, 2014 Ms. Berger received a pre-disciplinary counseling ("PDC")

memo, which charged her with theft, misappropriation or conversion of property. The PDC

memo accused Ms. Berger of taking dirt to her residence on June 25, 2014, the accusation that

had been made by Mr. Farleigh.

21.      Ms. Berger suffers from diverticulitis and Lyme Disease.[1]

22.      A PDC meeting was held on July 10, 2014, attended by Ms. Berger, Rodney

Vanscavich (Sr. Highway Maintenance Manager), Joe Rhodomoyer (Labor Relations

Coordinator) and Jennifer Gonzalez, Roadway Programs Technician. At the meeting, Ms.

Berger stated that she did not take any dirt. Rather, she went home on June 25, 2014 to change

clothes after having an accident with her bowels while in the PennDOT truck. She also had to

clean the truck's seat.

23.      On July 14, 2014, Ms. Berger received a second PDC, which charged her with 1)

theft, misappropriation or conversion of property; 2) leaving department premises during

working hours without permission; 3) unauthorized use of department tools, equipment, reusable

materials, property, facilities, or supplies. Specifically, the PDC memo referred to an allegation

---

[1] Diverticulitis is caused by inflammation and/or infection in the colon. Symptoms include abdominal pain, fever, chills, bloating, gas, diarrhea, constipation, nausea, and vomiting. WEBMD, http://www.webmd.com/digestive-disorders/tc/diverticulitis-topic-overview#1 (last visited Dec. 6, 2016). Short-term memory loss is a symptom of Lyme Disease. CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/lyme/signs_symptoms/index.html (last visited Dec. 8, 2016).

that she used a dump truck to go to her home on June 24, 2014 and June 25, 2014, and hauled dirt from a work site to her home on June 25, 2014.

24. A PDC meeting was held on July 16, 2014, attended by Ms. Berger, Rodney Vanscavich (Sr. Highway Maintenance Manager), Joe Rhodomoyer (Labor Relations Coordinator) and Jennifer Gonzalez, Roadway Programs Technician. At the meeting, Ms. Berger once again advised Defendant of the bathroom emergency on June 25, 2014 and that she did not take any dirt to her home. She further responded that she had never been advised to not go to her home to use the bathroom. She provided a copy of her recent colonoscopy report in support of the bowel issues she was experiencing. In response, Joe Rhodomoyer recoiled.

25. Both PDCs stemmed from Mr. Farleigh's allegations against Ms. Berger.

26. It was common practice for outdoor laborers at PennDOT to go to their homes during the day to use the bathroom facilities, as Ms. Berger was repeatedly advised that PennDOT employees are not permitted to use public facilities unless they are at locations designated to purchase fuel. The only other available option is to urinate and defecate outside, such as in the woods or on the side of the road.

27. PennDOT employees are routinely directed to not let the public see their trucks sitting idly.

28. Ms. Berger was often directed by her supervisor, Terry Nasatka, to "dump off and get lost," a common directive understood to mean she was expected to not return until the end of the day, and in the meantime, keep her truck from being viewed sitting idly in any one location.

**C. Without Proper Investigation, PennDOT Suspends Ms. Berger Without Pay**

29.    Human Resources never contacted two female employees, Catherine Sufian and Mary Beth Serfass, serving as witnesses in support of the allegations against Mr. Farleigh, to discuss the concerns/allegations.

30.    Nevertheless, on August 5, 2014, Ms. Berger was advised by Denise Levchak ("Ms. Levchak"), District Human Resources Officer, Engineering District 5, that the investigation stemming from Ms. Berger's complaint against Mr. Farleigh, filed four months prior, was completed six weeks earlier on June 25, 2014.

31.    The date the investigation regarding Mr. Farleigh's harassment was completed, June 25, 2014, was the exact day that Mr. Farleigh lodged allegations against Ms. Berger, which led to two PDCs and subsequent adverse action against Ms. Berger.

32.    Ms. Levchak affirmed Ms. Berger's allegations against Mr. Farleigh by advising Ms. Berger that appropriate action had been taken as a result of the investigation.

33.    One week after being contacted by Ms. Levchak, Ms. Berger was suspended without pay and benefits on August 12, 2014.

**D.    Ignoring Ms. Berger's Disabilities, an Accommodation Request, Witness Statements, and Lack of Evidence, PennDOT Terminates Ms. Berger's Employment Based on Mr. Farleigh's Report.**

34.    On August 14, 2014, Ms. Berger provided Jill Krause, Assistant District Engineer, a doctor's note to Defendant, advising that she suffers from severe diverticulitis and chronic Lyme disease, requiring an accommodation of numerous bathroom breaks and increased time to read paperwork. Ms. Berger's physician requested that she be given accommodations for these two chronic illnesses, and specifically mentioned that the requests were pursuant to the Americans with Disabilities Act.

35. On August 15, 2014, Ms. Berger's female coworker, Catherine Sufian, contacted Human Resources. She stated that she had filled out and filed witness statements about Mr. Farleigh's harassment. She said that she had learned that the case against Mr. Farleigh had been resolved and stated, "I would like to know how this case could have been resolved when I was never contacted by human resources?"

36. On August 15, 2014, Ms. Berger provided a witness statement and again told PennDOT she had been experiencing stomach/bowel issues on June 25, 2014, had been told to "dump off and get lost" by her supervisor Terry Natzaka, and that she had an accident necessitating that she return home to change her clothes and clean the truck seat.

37. In her August 15, 2014 statement, Ms. Berger also told PennDOT:

> He's severely biased against women & I told Human Resources about the 2 other women who worked for him last winter & last summer (2013) and HR never interviewed them! Only the guys were interviewed about me & them.

38. On August 16, 2014, Ms. Berger prepared another statement expressing her concern once again that Farleigh's actions on June 25, 2015 directly coincided with her harassment complaint.

39. On August 20, 2014, another of Ms. Berger's female coworker, Mary Beth Serfass, submitted a written statement, confirming Human Resources never contacted her regarding the allegations against Farleigh.

40. On August 21, 2014 PennDOT advised Ms. Berger that she was being fired effective August 22, 2014, as a result of the allegations lodged against her by Farleigh for events occurring on June 24, 2014 and June 25, 2015.

41.     Ms. Berger's termination was pretextually based, in part, on false charges of theft, and unauthorized use of tools/leaving company premises without permission, even though these were ongoing and accepted practice of PennDOT equipment operators/laborers.

42.     To justify its decision to fire Ms. Berger, PennDOT used a photograph that purported to show stolen dirt. That photo actually showed Ms. Berger's log splitter covered with a tarp. In a later hearing for unemployment compensation, PennDOT presented another photo that showed piles of dirt, but admitted during the hearing that the photo came from Google Earth and was over a year old.

**E.      After a Grievance Hearing, Ms. Berger is Reinstated, But She is Not Compensated for Seven Months' Lost Pay and Benefits.**

43.     On or about September 11, 2014, Ms. Berger filed a charge of discrimination with the Equal Employment Opportunity Commission, raising claims of discrimination based on sex, disability, and age, as well as retaliation.

44.     Ms. Berger thereafter filed a grievance, based on union belief that the adverse action was without just cause.

45.     On March 4, 2015, following decision of a six-member grievance panel, Ms. Berger's termination was reversed, with reinstatement of service and seniority. However, Ms. Berger's seven months without work was deemed a suspension without pay and benefits.

46.     Ms. Berger has a disability as defined by the Rehabilitation Act.

47.     Ms. Berger is a qualified person with a disability in that she had a substantial impairment of the major life activities of bowel and digestive function, as well as cognitive issues.

48.    Ms. Berger was a qualified person with a disability in that she could perform the essential functions of her job with reasonable accommodations of bathroom breaks at facilities with indoor plumbing and additional time to read instructions.

49.    Defendant terminated Ms. Berger because of her disability.

50.    Defendant terminated Ms. Berger because of her sex.

51.    Defendant terminated Ms. Berger in retaliation for lodging a complaint of harassment against her foreman, with confirmation by HR Officer Denise Levchak that the investigation warranted action.

52.    Defendant's unlawful employment practices caused Ms. Berger to suffer damages including but not limited to lost income, lost benefits, emotional distress and loss of enjoyment of life.

## COUNT I

### PLAINTIFF'S CLAIMS UNDER § 504 OF THE REHABILITATION ACT
### 29 U.S.C. § 794
### (Disability Discrimination/Failure to Accommodate)

53.    Plaintiff incorporates by reference herein the preceding paragraphs of this complaint.

54.    At all times relevant to this Complaint, Plaintiff is, and was a qualified individual with a "disability" within the meaning of the Rehabilitation Act of 1973, 29 U.S.C.A. § 705(20). Plaintiff is substantially limited in major life activities, including bowel and digestive function as well as reading comprehension.

55.    As of August 2014, Ms. Berger was a qualified person within the meaning of § 504 of the Rehabilitation Act of 1973, 29 U.S.C.A. § 794, in that she could perform the essential

functions of her position as an equipment operator/laborer despite her disabilities, receiving above average performance reviews prior to the events addressed in this complaint.

56.   Ms. Berger requested the accommodation of more frequent bathroom breaks as a result of her diverticulitis.  PennDOT did not provide that accommodation.

57.   Ms. Berger was subject to adverse employment action with loss of pay and benefits for seven months because of her disability.

58.   Defendant violated the provisions of § 504 of the rehabilitation act of 1973 29 U.S.C.A. § 794.

59.   The actions set forth above caused Ms. Berger economic loss and emotional distress.

WHEREFORE, Plaintiff, Alice Berger, respectfully requests judgment in her favor and against Defendant, Commonwealth of Pennsylvania, Department of Transportation, for compensatory damages, plus costs of this action, reimbursement of back pay with interest, front pay, attorneys fees, and such other relief as the Court may deem just, proper, and appropriate in the circumstances of this case.

## COUNT II

### PLAINTIFF'S CLAIMS UNDER § 504 OF THE REHABILITATION ACT
### 29 U.S.C. § 794

#### (Retaliation)

60.   Plaintiff incorporates by reference herein the preceding paragraphs of this complaint.

61.   Section 504 incorporates the anti-retaliation provision of Title VI of the Civil Acts Act, and states: no recipient or other person shall intimidate, threaten, coerce or discriminate against any individual for the purpose of interfering with any right or privilege…or because he

has made a complaint, testified, assisted, or participated in any manner in an investigation, proceeding or hearing.

62.     Plaintiff engaged in protected activity by filing a complaint with Human Resources against Mr. Farleigh for hostile work environment and harassment, and opposing the discrimination by Mr. Farleigh and then subsequently with the Equal Employment Opportunity Commission and the Pennsylvania Human Relations Commission.  Defendant's retaliatory action against Ms. Berger after the protected activity was sufficient to deter a person of ordinary firmness from exercising her rights; and there was a causal connection between Ms. Berger's protected activity and the adverse employment action.

63.     Defendant violated the provisions of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

64.     The actions set forth above caused Ms. Berger economic loss and emotional distress.

WHEREFORE, Plaintiff, Alice Berger, respectfully requests judgment in her favor and against Defendant, Commonwealth of Pennsylvania, Department of Transportation, for compensatory damages, plus costs of this action, reimbursement of back pay with interest, front pay, attorneys' fees, and such other relief as the Court may deem just, proper, and appropriate in the circumstances of this case.

### COUNT III
**PLAINTIFF'S CLAIM UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED 1991, 42 U.S.C. § 2000, et seq.**
**42 U.S.C. § 2000e-2(a)(1))**

**(Sex Discrimination)**

65.     Plaintiff incorporates by reference herein the preceding paragraphs of this complaint.

11

66. Title VII prohibits an employer from discriminating against an employee with respect to compensation, terms, conditions, or privileges of employment because of the employee's sex.

67. Ms. Berger was subjected to sex discrimination, including disparate treatment, when Defendants suspended her employment without pay, terminated her employment, and then reinstated her employment without compensating her for the seven-month suspension when she was not paid.

68. Defendant's conduct was motivated by the fact that Ms. Berger was a woman in a male-dominated organization.

69. Ms. Berger complained about the sex discrimination to Defendant and Defendant's Human Resources representatives.

70. Defendant failed to take the reasonable and necessary steps to prevent and correct the sex discrimination complained about by Ms. Berger.

71. The actions of Mr. Farleigh and the failure of PennDOT to protect Ms. Berger from harassment set forth above created an intimidating, hostile, and offensive environment intolerable to Ms. Berger and caused her to suffer emotional distress, mental anguish, monetary loss, and wage loss.

WHEREFORE, Plaintiff, Alice Berger, respectfully requests judgment in her favor and against Defendant, Commonwealth of Pennsylvania, Department of Transportation, for compensatory and punitive damages, reimbursement of back pay with interest, front pay, attorneys' fees, plus costs of this action and such other relief as the Court may deem just, proper, and appropriate in the circumstances of this case.

## COUNT IV

**PLAINTIFF'S CLAIM UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED 1991, 42 U.S.C. § 2000, *et seq.***

**(Hostile Work Environment)**

72.     Ms. Berger incorporates by reference the preceding paragraphs of this Complaint.

73.     Title VII of the Civil Rights Act of 1964 makes sexual harassment unlawful.

74.     Defendant subjected Ms. Berger to a hostile and demeaning work environment, marked by disrespect and discrimination by her supervisor that included but was not limited to unwelcome and offensive behavior by Fred Farleigh, Ms. Berger's foreman.

75.     Mr. Farleigh's conduct was motivated by the fact that Ms. Berger is a woman.

76.     Mr. Farleigh's conduct was not welcomed by Ms. Berger.

77.     Ms. Berger complained about Mr. Farleigh to Human Resources; Defendant was aware, or should have been aware, of the abusive and hostile work environment, to which Ms. Berger was subjected to, but permitted and ignored the conduct.

78.     Defendant failed to exercise reasonable care to adequately prevent and correct Mr. Farleigh's behavior.

79.     Mr. Farleigh's actions were so severe and/or pervasive that a reasonable person in Ms. Berger's position would find her work environment to be hostile or abusive.

80.     The unwelcome harassing behavior toward Ms. Berger based on her sex, and Defendant's failure to address such behavior, unreasonably interfered with Ms. Berger's work performance and created a hostile and offensive work environment in which Ms. Berger was forced to work.

81.     The actions set forth above created an intimidating, hostile, offensive environment intolerable to Ms. Berger and caused her to suffer physical injury, mental injury, monetary loss, and wage loss.

13

WHEREFORE, Alice Berger, respectfully requests judgment in her favor and against Defendant, Commonwealth of Pennsylvania, Department of Transportation, for compensatory and punitive damages, reimbursement of back pay with interest, front pay, attorneys' fees, plus costs of this action, and such other relief as the Court may deem just, proper, and appropriate in the circumstances of this case.

**COUNT V**

**PLAINTIFF'S CLAIMS UNDER TITLE VII**
**42 U.S.C. § 2000e-3(a)**

**(Retaliation)**

82.    Plaintiff incorporates by reference herein the preceding paragraphs of this complaint.

83.    Title VII of the Civil Rights Act of 1964 prohibits retaliation against employees for opposing unlawful discrimination or participating in a protected activity.

84.    At all times material hereto, Plaintiff was engaged in activity protected under federal law, that is filing a complaint with the Defendant against Mr. Farleigh for hostile work environment and harassment and filing a charge with the EEOC.

85.    Defendant subjected Plaintiff to adverse action because she reported and opposed unlawful discrimination and harassment that she was subjected to as a member of a protected class.

86.    Defendant subjected Plaintiff to adverse employment action by terminating her employment based on unfounded allegations made against Ms. Berger by Farleigh on the day the investigation against him was completed.

87.    Ms. Berger's subsequent reinstatement through suspension without pay and benefits, would not have occurred but for Ms. Berger filing her complaint with the EEOC.

88.     Defendant's conduct in unlawfully retaliating against Plaintiff for reporting and opposing unlawful discrimination and a hostile work environment was deliberate and violated Title VII of the Civil Rights Act of 1964, as amended in 1991.

89.     The retaliation caused Plaintiff to suffer mental injury, monetary loss, and wage loss.

WHEREFORE, Plaintiff, Alice Berger, respectfully requests judgment in her favor and against Defendant, Commonwealth of Pennsylvania, Department of Transportation, for compensatory and punitive damages, plus costs of this action, reimbursement of back pay with interest, front pay, attorneys' fees, punitive damages, and such other relief as the Court may deem just, proper, and appropriate in the circumstances of this case.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all counts complained of herein for which she is entitled to a jury trial.

Respectfully submitted,

**HARDWICK BENFER, LLC**

Tiffanie C. Benfer, Esquire
179 N. Broad Street
Doylestown, PA 18901
(215)-230-1912
(215) 230-1913 – fax
Attorney for Plaintiff, Alice Berger

Dated: December 20, 2016