UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALICE BERGER, | : |
| Plaintiff, | : |
| v. | : No. 5:16-cv-06557 |
| COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF TRANSPORTATION, | : |
| Defendant. | : |

# O P I N I O N

**Defendant's Motion to Dismiss Count IV of the Amended Complaint, ECF No. 31 – Denied**

**Joseph F. Leeson, Jr.**                                                            **April 24, 2018**
**United States District Judge**

## I. Introduction

Defendant Commonwealth of Pennsylvania, Department of Transportation ("PennDOT") has filed a Motion to Dismiss Count IV of Plaintiff Alice Berger's Amended Complaint. For the reasons set forth below, the Motion is denied.

## II. Background

In September 2014, Berger filed a charge with the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination and retaliation on the basis of sex and disability. After the EEOC issued a right-to-sue letter in September 2016, Berger filed her initial Complaint in this matter in December 2016, based on the allegations in the EEOC charge. The initial Complaint did not include a "disparate impact" discrimination claim.

In April 2017, Berger filed a second charge with the EEOC. Am. Compl. ¶ 5. In this second charge, as discussed below, Berger alleged that PennDOT retaliated against her by

requiring her to sign a "Counseling Session" document after she requested permission to use public restrooms while working.

On September 13, 2017, the Court granted Berger permission to amend her Complaint after she received a right-to-sue notice regarding the second EEOC charge. ECF No. 17. On January 16, 2018, Berger received the right-to-sue notice for the second charge. On January 23, 2018, she filed her Amended Complaint, adding allegations concerning PennDOT's retaliation in connection with the "Counseling Session" document. ECF No. 30. In addition, under Count IV of the Amended Complaint, Berger alleged for the first time a "disparate impact" discrimination claim against PennDOT. In response, PennDOT filed the present Motion to Dismiss Berger's disparate impact claim.

## III. Analysis

In Count IV of the Amended Complaint, Berger asserts that PennDOT's "facially neutral practice of denying equipment operators and laborers adequate access to restrooms causes a disparate impact on female employees." Am. Compl. ¶ 163. Berger alleges the following facts in support of this claim. First, PennDOT "frequently failed to provide portable, sanitary restroom facilities at work sites" and "advised employees that the only time they were permitted to use public restrooms was if they were purchasing fuel for PennDOT equipment." *Id.* ¶¶ 112-13. Further, "[a]s a result of [PennDOT's] failure to provide sanitary, portable toilets and restriction of employees' rights to use public restrooms, female employees had no choice, at times, but to squat and go to the bathroom in the woods, hiding behind bushes and shrubs, and behind trucks." *Id.* ¶ 119. Berger alleges that "[l]imiting access to sanitary, private restroom facilities" causes female employees "to hold their urine, increasing the risk of urinary tract infections and other health problems," places "a greater burden and hygienic demand on females during their

menstrual cycle," and "forces female employees to remove their clothing and expose themselves in a male-dominated environment." *Id.* ¶¶ 121-23. In addition, she alleges that "PennDOT's facially neutral practice of restricting employee access to sanitary, private restrooms, as needed, instead expecting them to remove clothes and address biological needs while hiding behind trucks and shrubbery, places female employees that are already in an environment hostile to women, in a position of heightened vulnerability." *Id.* ¶ 124.

PennDOT contends that Berger's disparate impact claim should be dismissed for several reasons. First, PennDOT contends that Berger fails to plausibly allege that PennDOT implemented or used the alleged policy in the 300 days prior to her second EEOC charge, as required by the applicable statute of limitations. Second, PennDOT contends that Berger failed to exhaust her administrative remedies with respect to her disparate impact claim because the claim does not arise from or fit within the scope of her second EEOC charge. Finally, PennDOT contends that Berger's inclusion of the disparate impact claim in the Amended Complaint exceeds the leave to amend that the Court granted in its September 13, 2017 order.

A. **Berger's disparate impact claim was timely filed.**

Before beginning a Title VII suit, a plaintiff must first file a timely charge with the EEOC. For plaintiffs in Pennsylvania, the EEOC charge must be filed within 300 days after the alleged unlawful employment practice occurred. *See Dubose v. Dist. 1199C, Nat. Union of Hosp. & Health Care Employees,* AFSCME, AFL-CIO, 105 F. Supp. 2d 403, 411 (E.D. Pa. 2000).[1]

---

[1] As one court has summarized:

> Under 42 U.S.C. § 2000e-5(c), a claim of unlawful discrimination must be filed with the EEOC within 180 days of the unlawful act. Where, however, a state has established agencies to monitor and correct employment discrimination, the claim must be filed with the EEOC within 300 days of the impermissible employment practice. In a state like Pennsylvania, which has a work sharing agreement, for purposes of the filing issue, the EEOC filing is regarded as the PHRC filing, and

"The time period can run either from the adoption of a policy or from the policy's application." *Snider v. Wolfington Body Co., Inc.*, No. CV 16-02843, 2016 WL 6071359, at *5 (E.D. Pa. Oct. 17, 2016).

As indicated above, PennDOT argues that Berger's Amended Complaint fails to plausibly allege that in the 300 days prior to the filing of Berger's second EEOC charge, PennDOT applied the alleged restrictive bathroom policy. Berger responds that the Amended Complaint "make[s] clear that the bathroom policies affecting women were an ongoing issue." Pl.'s Br. Opp'n 5, ECF No. 33. Further, she contends that in her second EEOC charge, she marked the box indicating that the complained-of violation was a "continuing" violation. *Id.*

Berger's Amended Complaint frequently—although not uniformly—refers to the alleged practice in the present tense, indicating that at the time of the Amended Complaint it was still in place. *See, e.g.*, Am. Compl. ¶ 163 ("Defendant's facially neutral practice of denying equipment operators and laborers adequate access to restrooms causes a disparate impact on female employees."). In addition, the Amended Complaint also includes allegations that on October 12, 2016, PennDOT advised Berger that she could use the nearest public restroom as needed. This suggests (although it does not prove) that prior to October 12, 2016, she was *not* permitted to use the nearest public restroom. Despite the lack of clarity regarding when, exactly, the policy was implemented, reading the Amended Complaint in the light most favorable to Berger, she has alleged that the restrictive bathroom policy is either currently in place (at least as of the filing of the Amended Complaint) or was in place until October 11, 2016—in either case, the policy was

---

vice versa. Thus, an employee meets the statutory filing requirement as long as the claim is filed with the EEOC (or the PHRC) within 300 days of the alleged discriminatory conduct.

*Shahin v. Coll. Misercordia*, No. 3:CV-02-0925, 2006 WL 2642355, at *9 (M.D. Pa. Sept. 13, 2006) (citations omitted).

in effect less than 300 days before Berger filed her second EEOC charge on April 7, 2017. Accordingly, Berger's disparate impact claim is timely.

**B.	Berger's disparate impact claim falls within the scope of her second EEOC charge.**

PennDOT contends that Berger failed to exhaust her administrative remedies because her disparate impact claim does not fall within the scope of her second EEOC charge. Berger responds that the second EEOC charge includes her disparate impact claim because it describes the lack of bathroom facilities and the resulting effect on female equipment operators such as Berger.

"Courts have generally determined that the parameters of the civil action in the district court are defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 398–99 (3d Cir. 1976). A plaintiff's claim must thus fall "fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom." *Antol v. Perry*, 82 F.3d 1291, 1295 (3d Cir. 1996). "Courts generally give the EEOC charge a 'fairly liberal construction' and focus on the facts asserted in the charge to make this determination." *Mahan v. City of Philadelphia*, No. CV 16-6377, 2017 WL 5179885, at *3 (E.D. Pa. Nov. 8, 2017) (quoting *Lowenstein v. Catholic Health East*, 820 F. Supp. 2d 639, 644 (E.D. Pa. 2011)).

Although, as PennDOT points out, the focus of Berger's second EEOC charge is her claim that she was forced to sign a "Counseling Session" document in retaliation for requesting permission to use public restroom facilities, the charge also contains factual allegations supporting her disparate impact claim. Specifically, the second EEOC charge alleges that Berger is one of three female equipment operators in Northampton County, that all equipment operators are advised that they are not to use public restrooms unless stopping for fuel, and that "[i]t is

understood universally that men can more easily urinate without the benefit of a toilet, and the male PennDOT employees do so regularly. The few female equipment operators are expected to do the same." Second EEOC Charge, Def.'s Mot. Ex. A, ECF No. 31-2. Berger's disparate impact claim in her Amended Complaint is fairly within the scope of these allegations. Accordingly, Berger properly exhausted her remedies with respect to her disparate impact claim.

**C.     Count IV does not exceed the leave to amend granted by the Court.**

Finally, PennDOT contends that "[b]y attempting to add a disparate impact claim beyond the scope of her Second EEOC Complaint, [Berger] . . . exceeds the leave to amend that was granted in this Court's amended scheduling order, which framed amendment in terms of the Second EEOC Complaint." *See* Def.'s Mem. Supp. Mot. 9, ECF No. 31-1.

The order to which PennDOT refers states that "[a]ny motion to amend the pleadings shall be filed within seven (7) calendar days of Plaintiff's receipt of the Right to Sue Notice on EEOC Charge No. 530-2017-02257," i.e., the second EEOC charge. ECF No. 17. This order was issued in light of a Joint Stipulation filed by the parties, which included the stipulation that "Plaintiff filed a second/companion charge of discrimination with the EEOC on or about April 7, 2017 . . . involving a more recent claim of retaliation, which the parties agree involves allegations that are intertwined with Plaintiff's original EEOC charge and Complaint." Joint Stipulation ¶ 3, ECF No. 14. Although the focus of this stipulation is Berger's retaliation claim, the stipulation is broad enough to encompass her disparate impact claim as well because, as explained above, the allegations underlying that claim are included in the second EEOC charge.

**IV. Conclusion**

For the reasons set forth above, PennDOT's Motion to Dismiss Count IV of the Amended Complaint is denied. A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

7
042418